**SO ORDERED.**

**SIGNED this 10th day of March, 2021.**



Dale L. Somers
United States Chief Bankruptcy Judge

For online use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

Ronald Vincent Hrabe
Raina Lynn Hrabe,

        Debtors.

Case No. 19-41366-12

**Memorandum Opinion and Order Denying
Motion for Leave to File Proof of Claim Out of Time**

Creditor Heinen Brothers Agra Services, Inc. seeks leave of this Court to file its proof of claim out of time; it is undisputed that this Creditor had no notice of the Chapter 12 bankruptcy of Debtors Ronald and Raina Hrabe until *after* the claims filing deadline. The claim is unsecured for just over five thousand dollars, for prepetition services. Debtors oppose Creditor's motion,

arguing both that Creditor is not entitled to be paid for the prepetition services because of poor work product, and that the Federal Rules of Bankruptcy Procedure[1] do not permit a claim to be filed after the claims bar date in the circumstances of this case.

The Court concludes Debtors are correct that Creditor is not able to file a claim after the deadline to do so unless one of the "exceptions" in Rule 3002(c) is present allowing the Court to grant an extension of time to file the claim. Finding the Rule 3002(c) exceptions to the standard claim filing deadlines not applicable here, the Court denies Creditor's motion for leave to file its proof of claim out of time.[2]

## I.  Factual and Procedural Background

Creditor provides aerial chemical applications to farmland, and it alleges that on June 11, 2019, it completed an application on Debtors' farmland near Plainville, Kansas. Creditor alleges additional applications were made on the farmland on June 19, and June 24, 2019.

About four months later, on October 31, 2019, Debtors filed their Chapter 12 bankruptcy petition. Neither the list of creditors filed with their

---

[1] Future references in the text and footnotes to "Rule" refer to the Federal Rules of Bankruptcy Procedure.
[2] Doc. 199. Debtors appear by David Klaassen. Creditor appears by Karl Swartz.

2

petition,[3] nor the Schedules that were later filed,[4] listed Creditor, and Creditor did not receive notice of Debtors' bankruptcy petition from this Court. The deadline for filing proofs of claim was set for January 9, 2020.[5] The factual record concerning how, or when, Creditor did receive notice of Debtors' bankruptcy is not developed.

After multiple extensions to file a Chapter 12 plan, and multiple amended plans, Debtors' third amended plan[6] was confirmed on January 20, 2021.[7] Debtors' confirmed plan pays allowed unsecured claims pro rata from the portion of their disposable income that exceeds the amount necessary to pay administrative claims, priority claims, and secured claims.[8] It does not appear that Debtors are expecting to pay anything to unsecured claims in a typical plan year.[9]

In the midst of Debtors' third amended plan being proposed (and ultimately confirmed), Creditor on December 1, 2020, filed a motion for leave

---

[3] Doc. 1.
[4] Doc. 27.
[5] Doc. 13 (deadline for all creditors to file a proof of claim was January 9, 2020, and the deadline for governmental units was April 28, 2020).
[6] Doc. 186.
[7] Doc. 244.
[8] Doc. 186 Art. IX p. 8 (stating that unsecured claims will be treated as set forth in Exhibit F); Doc. 244 Ex. F p. 36 (treatment of pro rata unsecured claims); Doc. 244 Ex. A p. 19 (liquidation analysis of zero).
[9] Doc. 244 Ex. G (projected cash flow analysis showing payments for "unsecured creditors" of zero).

to file a proof of claim out of time. Creditor alleges Debtors owe them $5084.35 for the June 2019 work, and it should be allowed to file a proof of claim out of time because it had no notice of the bankruptcy prior to the proof of claim deadline running. Debtors oppose Creditor's motion, arguing that Creditor failed to adequately perform the job for which it was hired in June 2019, and that there is no authority under Rule 3002(c) for the claim to be filed in this Chapter 12 case after the bar date.

## II. Analysis

The "allowance or disallowance of claims against the estate" is a core proceeding under 28 U.S.C. § 157(b)(2)(B), over which this Court may exercise subject matter jurisdiction.[10]

Under 11 U.S.C. § 502,[11] if a party in interest objects, a claim must be timely filed to be an allowed claim. Rule 3002 governs the filing of proofs of claim. Under subsection (a), unsecured creditors "must file a proof of claim . .

---

[10] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1 *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

[11] All future references to "Bankruptcy Code," "Code," or "§," refer to Title 11 of the United States Code.

. for the claim . . . to be allowed."[12] Regarding the time for filing, under subsection (c) of Rule 3002, a proof of claim is timely filed in a Chapter 12 case "if it is filed not later than 70 days after the order for relief." In this case, that date was January 9, 2020. Debtors' opposition to Creditor's motion does not dispute that Creditor was not included on their list of creditors and did not receive notice of their bankruptcy petition prior to this date.

Rule 3002(c) then gives a list of "exceptions" to the general rule that claims must be filed no later than seventy days post-petition. The given exceptions are for things such as claims of governmental units (who have separate filing limits), claims of infants or incompetent individuals, certain claims arising from judgments, claims arising from the rejection of an executory contract or unexpired lease, and a new claim date after a trustee's notice of assets[13]—none of these exceptions are at issue in this case.

Importantly for this case, there traditionally has *not* been an exception for claims of creditors who did not receive notice of a debtor's bankruptcy filing. The long-established law—prior to an amendment to Rule 3002(c) that will be discussed below—was that a creditor who was not notified of a Chapter 12 bankruptcy filing could not nevertheless file a late proof of

---

[12] A debtor may also file a claim on a creditor's behalf. *See* § 501.
[13] *See* Rule 3002(c)(1) – (7).

claim.[14]

This precedent was established in the Tenth Circuit by *Jones v. Arross.* In *Jones*, the debtor owed child support and a property settlement to his ex-wife, based on a prepetition dissolution of their marriage.[15] The debtor filed a Chapter 12 bankruptcy petition, did not give notice to the creditor ex-wife, and did not provide for payment of these debts.[16] Once the creditor ex-wife learned of the bankruptcy—after the claim filing deadline—she sought leave to file a late claim.[17] Like now, Rule 3002(c) permitted extension of the general time for filing claims in Chapter 12 cases only for given specific exceptions, although for different reasons than now; Rule 3002(c) did not include as a reason for an extension a debtor not giving notice to a creditor.[18]

---

[14] *Jones v. Arross*, 9 F.3d 79, 80 (10th Cir. 1993) ("This case requires us to decide whether a creditor who was not notified of a Chapter 12 bankruptcy may nonetheless be permitted to file a late proof of claim. Because we conclude that such late filing is not allowed under the Bankruptcy Rules, we reverse.").

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] The 1993 version of Rule 3002(c) was as follows:
(c) Time for filing
In a . . . chapter 12 family farmer's debt adjustment . . . , a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:
   (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.
   (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

6

The Tenth Circuit analyzed Federal Rule of Bankruptcy Procedure 9006(b) and its interplay with Rule 3002(c). Rule 9006(b) permits bankruptcy courts to enlarge time limits "for cause shown,"[19] but specifically *excludes* Rule 3002(c) from that general grant of power. Under Rule 9006(b), a court may enlarge the time limits given by Rule 3002(c) "only to the extent and under the conditions stated" in that Rule.[20] As a result, the Tenth Circuit concluded that bankruptcy courts could not expand the Rule 3002(c) deadline: "Rule 3002(c) allows no exception to the filing deadline for a creditor who was not notified of a bankruptcy."[21] The Tenth Circuit noted that the claim of the creditor ex-wife would be nondischargeable under § 523(a)(3) (stating that a

---

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time herein above prescribed.

[19] Rule 9006(b)(1).
[20] Rule 9006(b)(3).
[21] *Jones*, 9 F.3d at 81.

discharge under § 1228(b) does not discharge an individual debtor from any debt "neither listed nor scheduled" in time to permit the timely filing of a proof of claim), and she could seek stay relief to bring an action against the debtor or wait until the case concluded to do so.[22]

In addition, this Court has also concluded that when a creditor *does* have notice of the proof of claim deadline, it is also unable to file a proof of claim after the bar date, unless they can meet the stringent requirements the Tenth Circuit has set out for an informal proof of claim that was filed before the bar date's expiration.[23] The long standing precedent is that the claims bar date is final; unless one of the exceptions is present from Rule 3002(c), the general rule applies, regardless of notice of the bankruptcy filing. As a result, under the "old" wording of the governing Rules, Creditor would not be permitted to file a late claim in this case.

All that said, subdivision (c) of Rule 3002 was amended, effective December 1, 2017. As pertinent here, the Rule now: 1) shortens the time for filing a proof of claim from ninety days after the meeting of creditors required by § 341, to seventy days after the petition; and 2) adds a new exception to

---

[22] *Id.* at 82.
[23] *In re Swenson*, No. 14-40173-12, 2015 WL 3745307, at *2 (Bankr. D. Kan. June 12, 2015) (citing *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992)).

8

the general time limit for filing proofs of claim. The new version of Rule 3002(c) states:

> (c) Time for filing
> In a . . . chapter 12 case, . . . a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter . . . . But in all these cases, the following exceptions apply:
> . . .
> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
> > (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a);
> > (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

Subdivision (c)(6) now permits a court to extend the time to file a proof of claim for an additional sixty days when its requirements are met. By its terms, Rule 3002(c)(6)(A) applies only when the creditor *receives* notice, but insufficient notice. Courts have struggled with the question of whether this amendment to Rule 3002(c) changes the above status quo that a creditor receiving no notice of the bar date cannot request an extension of time to file a claim, and there is no majority position.

9

The first group of cases is represented by *In re Vanderpol*.[24] In *Vanderpol*, the debtor timely filed her bankruptcy schedules and the list of creditors required by Rule 1007(a)(1), but inadvertently omitted one creditor from both and that creditor did not learn of the bankruptcy until one month after the claim filing date.[25] Both the creditor and the debtor supported a motion to extend the claim filing date to permit the claim from this creditor, but the Chapter 13 trustee opposed.[26] The bankruptcy court began by

---

[24] 606 B.R. 425 (Bankr. D. Colo. 2019).
Other examples in this line of cases are: *In re Fitzgerald*, No. 8:19-bk-7741-RCT, 2020 WL 5745973, at *2-4 (Bankr. M.D. Fla. May 18, 2020) (the debtor listed the creditor's correct name but gave a wrong address, and the creditor received no notice; bankruptcy court permitted late proof of claim because the advisory notes to the amendment indicate that the purpose of the amendment was to expand the exception, debtors are required by Rule 1007(a) and § 521 to file a list of creditors and fail in their duties when they do not do so, and the circumstances indicated the court should exercise its discretion to permit the creditor to file a claim); *In re Curtin*, No. 8:19-bk-02502-RCT, 2020 WL 5745937, at *4 (Bankr. M.D. Fla. Mar. 10, 2020) (the debtors late-filed a list of creditors but never noticed the creditor, and the creditor did not receive notice until six days after the bar date; bankruptcy court concluded creditor was eligible for relief from the bar date under Rule 3002(c)(6)(A)); *In re Jackson*, No. 18-03159-HB, 2019 WL 3797580, at *1-2 (Bankr. D.S.C. July 24, 2019) (the debtors' timely filed list of creditors did not include one creditor, who sought approval to file a late claim; bankruptcy court considered the failure to list a creditor a failure to timely file a list of creditors under Rule 1007(a), and permitted the claim under Rule 3002(c)(6)(A)); *In re Mazik*, 592 B.R. 812, 818 (Bankr. E.D. Pa. 2018) (the debtors' timely filed list of creditors omitted one creditor who did not obtain notice until after the bar date; bankruptcy court concluded Rule 3002(c)(6)(A) is satisfied when a debtor files a list of creditors that omits the name and address of the creditor seeking relief under the Rule, because that is a failure to comply with the requirements of Rule 1007(a)).

[25] *In re Vanderpol*, 606 B.R. at 427.
[26] *Id.* at 426-27.

recognizing that, "[b]y its express terms," Rule 3002(c)(6)(A) applied only when a debtor failed to file a list of creditors on a timely basis, and was not applicable to a debtor who timely filed a list of creditors, but omitted one creditor from that list.[27] The bankruptcy court also recognized that under general rules of statutory construction, the plain meaning should be given effect, especially where the Rule specifically applied to a given circumstance, and therefore presumably did not apply to other, non-stated, circumstances.[28] Despite this, the court concluded that enforcing the Rule as written would render it superfluous, because applying it only to situations where a creditor has received late notice of the bankruptcy through a late-filed list of creditors would, in practicality, be a rare event due to a court's policing of the list of creditors very early in filed cases.[29] As a result, the court concluded that Congress "must have intended for this new rule granting an extension of the claims filing deadline to serve some other purpose," and interpreted it more broadly to apply any time a "full and complete" list of creditors is not filed.[30]

The second group of cases is represented by *In re Somerville*.[31] Like the

---

[27] *Id.* at 428.
[28] *Id.* (applying plain meaning doctrine and rule of statutory construction of *expressio unius est exclusio alterius*).
[29] *Id.* at 429-30.
[30] *Id.* at 432.
[31] 605 B.R. 700 (Bankr. D. Md. 2019).
Other examples in this line of cases are: *In re Gaffney*, No. 19-71492, 2020

debtor in *Vanderpol*, the debtor in *Somerville* timely filed a list of creditors, but omitted one creditor entirely from her list.[32] Again, the creditor did not learn of the bankruptcy until after the proof of claim deadline had run, and then sought leave of the bankruptcy court to file a late claim.[33] The bankruptcy court concluded that a plain-language reading of Rule 3002(c)(6)(A) required satisfaction of two elements for it to apply:

> The words of the rule require two elements to support a requested extension: (i) insufficient notice *caused by* (ii) the debtor's failure 'to timely file the list of creditors' names and addresses required by [Bankruptcy] Rule 1007(a).' A creditor must prove both

---

WL 6066004, at *8 (Bankr. C.D. Ill. Sept. 29, 2020) (court concluded the creditor actually did receive notice, but stated it found persuasive the case law allowing extensions of time under Rule 3002(c)(6)(A) only "when the express conditions of the Rule are met"); *In re Wulff*, 598 B.R. 459, 465 (Bankr. E.D. Wis. 2019) (the creditor did not have notice in time to file a proof of claim; court concluded insufficient notice was not, itself, grounds for an extension, and Rule 3002(c)(6) requires "the insufficient notice must result from one of the two conditions outlined in the rule"); *In re Bales*, No. 18-52257, 2019 WL 3436870, at *1-2 (Bankr. E.D. Ky. July 30, 2019) (applying holding of *Fryman* without additional discussion on the issue); *In re Fryman*, No. 18-20660, 2019 WL 2612763, at *3 (Bankr. E.D. Ky. July 24, 2019) (the debtor omitted the creditor from schedules and list of creditors, and creditor sought extension under Rule 3002(c)(6)(A); court concluded that "Rule 1007(a) requires all scheduled creditors to be on the Mailing List, but it does not require unscheduled creditors to be on the Mailing List" and that, therefore, omitting an unscheduled creditor from the list of creditors was not a failure to timely file the list of creditors, and Rule 3002(c)(6)(A) did not apply); *In re Wood*, No. 08-00639, 2019 WL 1398180, at *2 (Bankr. D.D.C. Mar. 26, 2019) (a creditor arguing that non-receipt of the notice of bankruptcy was insufficient notice was not sufficient to enable Rule 3002(c)(6)(A) to apply; court stated that the Rule "only applies when the insufficiency of notice arose 'because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)'").

[32] *In re Somerville*, 605 B.R. at 702.
[33] *Id.*

elements to receive an extension of the claims bar date.[34]

The court reasoned that Rule 1007(a) requires only that a debtor file with the petition a list of creditors who are or will be included in the schedules, and if that list is timely filed, the plain reading of the Rule does not permit enlarging the time to file the proof of claim.[35]

The Advisory Committee Notes to Rule 3002 have similarly led to different interpretations. They state:

> Subdivision (c)(6) is amended to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim. The amendment provides that the court may extend the time to file a proof of claim if the debtor fails to file a timely list of names and addresses of creditors as required by Rule 1007(a).[36]

The court in *Vanderpol* concluded that this Advisory Committee Note was unhelpful, because it "merely parrot[s] the rule itself."[37] Other courts,

---

[34] *Id.* at 707.
[35] *Id.* at 707-08. As noted above, Rule 1007(a) states that "the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Section 521(a)(1) simply states that the debtor "shall" file "a list of creditors."
[36] Rule 3002, 2017 Advisory Committee Note.
[37] *In re Vanderpol*, 606 B.R. at 432 ("The first sentence clearly indicates the intent of the drafters to expand the circumstances under which creditors may seek an extension of the claim bar date. It also addresses the situation where a creditor does not receive timely notice. However, the second sentence refers only to the timely filing of a Creditor Matrix. Paired together, these sentences shed very little light on what the drafters intended when a debtor omits a creditor from a timely-filed Matrix or misidentifies a creditor in a manner that causes the creditor to not learn of the bankruptcy until after the bar date for filing claims.").

however, rely on the Advisory Committee Notes to support an expansive application, by focusing on the language that the Rules Committee wanted to "expand the exception" when "insufficient notice" is given.[38]

After reviewing the text of the Rule and the case law in this area, this Court sides with the cases holding that Rule 3002(c)(6)(A) does *not* provide Creditor a basis for extension of the proof of claim deadline in this case. First, as the Court previously noted, it has long been the law in the Tenth Circuit that Rule 3002(c) allows no exception to the filing deadline for a creditor of a Chapter 12 debtor who was not notified of a bankruptcy. This court has also concluded that a creditor with notice of a Chapter 12 debtor's bankruptcy cannot receive extension of that firm deadline. In this Court's view, a Rule change to alter this result would need to be explicit in its desired impact.

To the contrary, the "new" Rule 3002(c)(6)(A) is explicit only that creditors who are given notice, but that notice was given to them late, have grounds for requesting an extension, and then only if they show that the notice was insufficient under the circumstances to give the creditor reasonable time to file a proof of claim because the debtor did not timely file the list of creditors' names and addresses as required by Rule 1007(a). The Court notes that this Rule change occurred at the same time the proof of

---

[38] *E.g.*, *In re Mazik*, 592 B.R. at 815.

Case 19-41366   Doc# 254   Filed 03/10/21   Page 14 of 16

claim deadline was moved much earlier in the case, making it more likely in this Court's view that the change was intended to ease concerns of creditors that they would not have enough time to file claims after receiving the notice of the case, especially when the notice was not immediate. The Court believes it is the better practice to not assume the legislature wanted to change the status quo, unless there is an express indication that they are doing so. Rule 3002(c)(6)(A) refers to "the notice" given; if there was no notice given, it does not apply. As the court stated in *Somerville*, the court "recognizes the competing policies at play in any dispute involving a claims bar date and will not disturb the balance struck in the Code and the Bankruptcy Rules absent clear reason and legal basis to do so."[39]

In this case, Debtors did not give notice to Creditor of their bankruptcy filing. It is undisputed that Creditor did not have notice of the filing until after the proof of claim deadline. The Court has no authority under Rule 3002(c)(6)(A) to permit a late filed claim over Debtors' objection.

### III. Conclusion

The motion for leave to file Creditor's proof of claim out of time is denied. Because the Court denies Creditor's motion on the basis that an extension is not warranted, it need not address Debtors' argument on the

---

[39] *In re Somerville*, 605 B.R at 708.

15

merits of Creditor's claim.

**It is so Ordered**.

# # #